IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RICKEY ROBERTSON                                                                                    MOVANT

v.                                                                                         No. 3:17-cr-16-SA-RP

UNITED STATES OF AMERICA                                                               RESPONDENT

ORDER TRANSFERRING CASE TO THE
FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the *pro se* petitioner's re-submission of his request

for *habeas corpus* relief under 28 U.S.C. § 2255. [113]. This is at least the second motion under §

2255 the Movant has filed. To overcome the prohibition against the filing of a second or successive

petition under § 2255(h), the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a
   whole, would be sufficient to establish by clear and convincing evidence that no
   reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by
   the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2255(h). That decision must be made by the court of appeals.

*See* §§ 2244(b)(3) and 2255. Until such time that the Movant obtains authorization to proceed from

the Fifth Circuit, this court is without jurisdiction to proceed. Rather than dismissing the petition

on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration under

28 U.S.C. § 2244(a) and (b)(3)(c).   *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby ORDERED:

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the

petitioner to seek permission to file this successive § 2255 motion;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the

Fifth Circuit Court of Appeals in accordance with §§ 2244(b)(3) and 2255 and *In re Epps*, 127

F.3d at 365; and

3) this case is CLOSED.

SO ORDERED, this, the 5th day of May, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE